IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | | |
|---|---|---|
| DAVID GARDNER, *On Behalf of Himself and All Others Similarly Situated*, | ) ) ) | |
| Plaintiffs, | ) ) | Case No.:  5:20-cv-15-TBR |
| v. | ) ) | |
| | ) | JURY DEMAND |
| BARRETT MAINTENANCE, INC., | ) ) | |
| Defendant. | ) | |

REPRESENTATIVE ACTION COMPLAINT FOR
VIOLATION OF THE FAIR LABOR STANDARDS ACT

COMES NOW the Plaintiff, David Gardner, on behalf of himself and all others similarly situated, by and through his undersigned counsel, and states as follows:

NATURE OF THE COMPLAINT

1.     Plaintiff David Gardner brings this action against Defendant Barrett Maintenance, Inc. for failure to pay its employees for all hours worked, for unpaid overtime compensation, and for related penalties and damages.  Mr. Gardner alleges, on behalf of himself and all other similarly-situated hourly employees of Defendant, that Defendant failed and refused to pay him, and all others similarly situated, straight-time pay for all hours worked and failed and refused to pay him and all other similarly-situated hourly employees overtime pay for overtime worked.

2.     Mr. Gardner also brings individual claims in this action for retaliation and defamation he suffered as a result of his opposition to Defendant's illegal pay practices.

3.     Defendant's pay practices are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.  Mr. Gardner seeks injunctive and declaratory relief; straight-

time premiums for all hours worked and not compensated; overtime premiums for all overtime work required, suffered, or permitted by Defendant; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

4.      Defendant's practice and policy is, and for the past three years has been, to willfully fail to compensate Mr. Gardner and all other similarly-situated employees for all hours worked while employed by Defendant and to willfully fail and refuse to pay overtime compensation due and owing to Mr. Gardner and all other similarly-situated employees in violation of the FLSA. Defendant has instituted and carried out an unlawful policy and practice of refusing to pay all such employees for all time worked and refusing to pay all such employees overtime for all hours worked in the work week over forty, notwithstanding that each hourly employee is entitled to overtime pay under the FLSA.

5.      Currently and for the last three years, Defendant's employees have worked hours for which they have not been paid and have worked overtime hours.

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction over Mr. Gardner's claims pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, because they raise a federal question pursuant to 28 U.S.C. § 1331.  The Court also has supplemental jurisdiction over Mr. Gardner's state-law claims pursuant to 28 U.S.C. § 1367(a).

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Mr. Gardner in Marshall County, Kentucky, which is located within this judicial district.

## PARTIES

**A.      Plaintiffs**

*Named Plaintiff*

8.      Plaintiff David Gardner is a resident of Benton, Marshall County, Kentucky. Defendant employed Plaintiff Gardner as a Service Technician from May 2019 until his termination in December 2019.  During his employment with Defendant, Mr. Gardner regularly worked periods of time for which he was not compensated and regularly worked hours in excess of forty hours per week without receiving overtime compensation as required by federal law.

9.      At all relevant times, Mr. Gardner was an employee of Defendant for FLSA purposes.

*Representative Action Members*

10.      The putative members of the representative action are those current and former employees of Defendant who are similarly situated to Mr. Gardner who were suffered or permitted to work by Defendant and not paid their regular or statutorily required rate of pay for all hours worked as well as those current and former employees of Defendant who are similarly situated to Mr. Gardner who worked in excess of forty hours in one or more work weeks but were not paid overtime at the statutory rate.

**B.      Defendant**

11.      Defendant is a Kentucky corporation with its principal place of business at 4478 U.S. Highway 68 West, P.O. Box 50, Benton, KY  42025.  Defendant's registered agent for service of process is Randy Barrett, who may be served at 650 Patterson Ferry Road, Calvert City, KY 42029.

12.     Defendant employs or employed Mr. Gardner and the putative members of the representative action.

## REPRESENTATIVE ACTION ALLEGATIONS

13.     Mr. Gardner brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant in hourly labor within three years from the commencement of this action who have not been compensated for all hours worked and/or who have not been compensated at one and one-half times the regular rate of pay for all work performed in excess of forty hours per week.

14.     This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for the wage claim asserted by Plaintiff David Gardner, the Representative Plaintiff, because Mr. Gardner's claim is similar to the claims of the putative plaintiffs of the representative action.

15.     Mr. Gardner is similarly situated to the putative plaintiffs working as Service Technicians and construction employees for Defendant, has substantially similar job requirements and pay provisions, and was subject to Defendant's common practice, policy, or plan of refusing to pay employees for all hours worked and of refusing to pay overtime in violation of the FLSA.

16.     The names and addresses of the putative members of the representative action are available from Defendant.  To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## FACTUAL BACKGROUND

17.     Defendant failed or refused to pay its employees for all time worked and for all overtime hours worked.

18.     Defendant required its construction employees and Service Technicians to report to its facility to retrieve tools and then to travel to their job site for the day and to return to the company's facility at the end of the day before commuting back to their homes.

19.     Defendant's policy and practice is to refuse to pay Mr. Gardner and the other construction and Service Technician employees for the time spent travelling from the company facility to the work site and from the work site back to the company facility.

20.     Defendant would pay for this travel time for one-day jobs and for the first and last days of multi-day jobs, but Defendant's refusal to pay this travel time for any other days amounted to substantial off-the-clock work on many jobs.

21.     Management directed and/or was aware of employees engaging in this off-the-clock work.

22.     Management was aware that employees did not get compensated for all time worked.

23.     Further, as a result of this off-the-clock work time, many employees worked in excess of forty hours in various work weeks for which they were not paid overtime at the statutory rate.

24.     During his sixty-day performance review, Mr. Gardner told Defendant's owner that this failure to pay for time after the workday commenced upon reporting to Defendant's facility was improper and should be corrected.

25.     Defendant's owner refused to make any change to the practice.

26.     Accordingly, Mr. Gardner submitted a formal complaint to the Kentucky Labor Cabinet, which sent an investigator to Defendant's facility.

27.     After the state investigator visited, Defendant removed Mr. Gardner from Service Technician work and confined him to more physically intensive construction work while placing a newer employee in the Service Technician role.

28.     On November 25, 2019, based on the policy of paying for travel time for the first day of a job, Mr. Gardner listed his travel time to a job on his timesheet.

29.     Defendant cut Mr. Gardner's travel time from his work time and terminated him for seeking payment for his travel time.

30.     Upon information and belief, since terminating Mr. Gardner, Defendant has falsely told potential employers that Mr. Gardner tried to steal time from Defendant or otherwise engaged in wrongful conduct.

## COUNT I

### FAILURE TO PAY TRAVEL TIME IN VIOLATION
### OF THE FAIR LABOR STANDARDS ACT

### (Mr. Gardner and All Similarly-Situated Employees)

31.     Plaintiff David Gardner, on behalf of himself and all similarly-situated employees of Defendant, realleges and incorporates herein the allegations contained in Paragraphs 1 through 30 as if they were set forth fully herein.

32.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendant has employed and/or continues to employ "employee[s]," including Mr. Gardner and each of the putative members of the FLSA representative action.  At all times, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

33.     The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for all hours worked at an hourly rate and to compensate all non-exempt employees at a rate of not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

34.     Mr. Gardner and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay or to be paid for all hours worked under the FLSA. Plaintiff and the putative members of the FLSA representative action are entitled to be paid compensation for all hours worked and are entitled to be paid overtime compensation for all overtime hours worked.

35.     As a result of Defendant's failure to compensate its Service Technicians and construction employees, including Mr. Gardner and all similarly-situated employees, for all hours worked and its failure to compensate them at a rate of not less than one-and-one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant has violated, and continues to violate, the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

36.     The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## COUNT II

## RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

### (Mr. Gardner Only)

37.     Mr. Gardner realleges and incorporates herein the allegations contained in Paragraphs 1 through 36 as if they were set forth fully herein.

38.     Mr. Gardner complained to Defendant and to proper authorities about Defendant's illegal refusal to pay for all travel time after the workday had begun.

39.     Defendant limited Mr. Gardner's employment, placed him in a more physically strenuous job, and ultimately terminated him because of his complaints about Defendant's illegal pay practices.

40.     Mr. Gardner was injured and suffered damages because of Defendant's retaliation against him in violation of the Fair Labor Standards Act.

## COUNT III

### DEFAMATION

### (Mr. Gardner Only)

41.     Mr. Gardner realleges and incorporates herein the allegations contained in Paragraphs 1 through 40 as if they were set forth fully herein.

42.     Defendant's statements imputed to Mr. Gardner the commission of a crime or unfitness to perform the duties of his employment, which constitutes defamation *per se*.

43.     Defendant's written statements were false and tend to injure Mr. Gardner's reputation or to expose him to public hatred, contempt, scorn, obloquy, or shame, which constitutes defamation *per se*.

44.     Defendant's statements in this regard are false.

45.     Any false statements regarding Mr. Gardner herein that do not, as a matter of law constitute defamation *per se* constitute defamation *per quod*.

46.     As a direct and proximate result of the Defendant's defamatory statements, Mr. Gardner was injured and suffered damages.

47.     Mr. Gardner has sustained a loss of back pay, benefits, incidental expenses, and front pay.

8

## PRAYER FOR RELIEF

WHEREFORE, Mr. Gardner, on behalf of himself and all proposed members of the FLSA representative action, pray for relief as follows:

1.      That Defendant be served and required to answer within the time prescribed by law;

2.      That a jury of eight try this cause;

3.      Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to 29 U.S.C. § 216(b) pursuant to Count I;

4.      Designation of Plaintiff David Gardner as Representative Plaintiff of the putative members of the FLSA representative action pursuant to Count I;

5.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA pursuant to Count I;

6.      An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in the unlawful practice, policy, and pattern set forth in Count I;

7.      That, upon the trial of this matter, Plaintiff be awarded judgment for damages of the lost compensation he has suffered from the date of Defendant's illegal actions, in an amount to be proven at trial, pursuant to Counts I – III;

8.      An award of damages, including liquidated damages, to be paid by Defendant pursuant to 29 U.S.C. § 216(b) pursuant to Counts I and II;

9.      That Mr. Gardner be awarded additional compensatory damages, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation, in an amount to be proven at trial, pursuant to Count III;

10.      That the Court award punitive damages to Mr. Gardner pursuant to Ky. Rev. Stat. § 411.186 pursuant to Count III;

11.      Costs and expenses of this action incurred herein, including reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b);

12.      Pre-Judgment and Post-Judgment interest, as provided by law; and

13.      Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

                                        Respectfully submitted,

                                        s/ D. Wes Sullenger
                                        D. Wes Sullenger, KY BAR # 91861
                                                       TN BPR # 021714
                                                       IL ARDC 6322019

                                        Sullenger Law Office, PLLC
                                        629 Washington Street
                                        Paducah, KY  42003
                                        Voice: (270) 443-9401

                                        wes@sullengerfirm.com

                                        *Attorney for the Plaintiffs,*
                                        *David Gardner and all others*
                                        *similarly situated*