**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:20-CV-00015-TBR**

**DAVID GARDNER**                                                                                           **PLAINTIFF**

v.

**BARRETT MAINTENANCE, INC.**                                                                **DEFENDANT**

**MEMORANDUM OPINION & ORDER**

This action is currently set to proceed to trial beginning Monday, August 2, 2021. Before the Court is a motion in limine filed by Plaintiff David Gardner. [DN 26]. The initial deadlines for the motion passed without a response from Defendant. In the Court's Final Pretrial Conference held on July 9, 2021, the Court requested a response and reply to the motion. [DN 37]. Defendant filed a response, [DN 38], and Plaintiff filed a reply, [DN 40]. Accordingly, the motion is ripe for adjudication. For the reasons stated below, the motion is **DENIED.**

**I.   Background**

Plaintiff David Gardner brought this action alleging three claims against Defendant Barrett Maintenance, Inc. ("Barrett") for failure to pay travel time in violation of the Fair Labor Standards Act (Count I), retaliation in violation of the Fair Labor Standards Act ("FLSA") (Count II), and defamation (Count III). [DN 1 at 6-8]. In his pretrial brief, Gardner indicates that he has abandoned his collective action allegations. [DN 21 at 1]. During the Court's final pretrial conference with the parties on July 9, 2021, Gardner also indicated that he abandoned his defamation claim. In short, Gardner's claims proceeding to trial are individual claims that Barrett did not appropriately pay him for travel time while on the job and that he was improperly terminated in retaliation for complaining about Barrett's pay practices. [DN 22 at 7]; [DN 30 at 9-10].

Gardner now moves the Court in limine to exclude reference to at-will employment. [DN 26]. Gardner anticipates that Defendant will argue that it was justified in terminating Gardner because he was an at-will employee. *Id.* at 1. Gardner states that reference to at-will employment, or the at-will employment doctrine, should be prohibited at trial, "because Defendant either failed to present Mr. Gardner with an employee handbook such that he was not subject to its provisions or the handbook constituted a contract because it lacks an at-will employment statement that disclaims any contractual rights." *Id.* Put differently, Gardner argues that at-will employment is irrelevant, because he was not an at-will employee, and therefore, the defense should be prohibited from referring to it.

The Court understands Gardner's account of the facts and intended argument on this matter as follows. Even though Barrett cites improper timekeeping and insubordination as the reasons for Gardner's termination, he was actually terminated in retaliation for complaining about Barrett's practice of not compensating employees for certain time spent traveling to and from work sites. Gardner anticipates that Barrett will argue in defense that Gardner was an at-will employee, so Barrett was free to terminate him "without undertaking the lesser forms of discipline prescribed in the progressive discipline policy contained in its employee handbook." [DN 26 at 1]. Gardner will argue that even if he did not personally receive a handbook or sign an acknowledgement regarding the handbook, the handbook still applied to him and constituted an employment contract because it did not disclaim contractual rights of employment, so Barrett's failure to adhere to the disciplinary policy outlined in its handbook when it terminated Gardner is evidence of retaliatory termination. *See* [DN 26]; *see also* [DN 40].

In short, as the Court understands, Gardner anticipates that Barrett will use the at-will employment doctrine to defend against Gardner's claim of retaliatory termination. Gardner wants

the Court to rule decisively that Gardner was not an at-will employee, and thus, the defense should be prohibited from referring to at-will employment during trial. Thus, the Court interprets Gardner's motion as being made on grounds of relevance. Moreover, the Court understands Gardner to be arguing that at-will employment is irrelevant, because as a matter of law, Gardner was not an at-will employee.

### I. Standards

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through in limine rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). "Motions in limine typically involve matters which ought to be excluded from the jury's consideration due to some possibility of prejudice or as a result of previous rulings by the Court." *Harwood v. North American Bancard LLC*, No. 18-cv-12567, 2020 WL 5105093, at *1 (E.D. Mich. Aug. 31, 2020) (quoting *Provident Life & Acc. Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. 1997)).

Relevant evidence is admissible unless barred by the United States Constitution, a federal statute, the Federal Rules of Evidence, or rules of the Supreme Court. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

### II. Discussion

The parties appear to agree that Gardner's employment status—whether at-will or pursuant to a contract—is or may be relevant at trial. However, the parties disagree on whether Gardner was

an at-will employee. Gardner's position is that because he was not an at-will employee as a matter of law, the defense should be prohibited from referring to at-will employment altogether.

Gardner and Barrett also agree that Barrett did not provide Gardner with a copy of its employee handbook. [DN 26 at 2]; [DN 38 at 2]. Despite this, Gardner argues that an employment contract was created by the handbook because Barrett distributed an employee handbook to its other employees, and such distribution created an employment contract between Barrett and Gardner, even if Gardner never actually received the handbook. [DN 40]. Furthermore, Gardner argues that because Barrett provided the handbook to other employees, the handbook created a unilateral contract between Barrett and Gardner, and Gardner accepted the contract by performing. *Id.* at 1-2. Barrett argues that no employment contract was ever formed because Gardner never saw or received the handbook. [DN 38 at 2-3]. Thus, the Court finds that the key question is whether Barrett's distribution of the handbook to other employees, but not to Gardner, was enough to create an employment contract as between Barrett and Gardner.

"To establish a breach of contract claim in Kentucky, Plaintiff[s] must demonstrate three things: 1) existence of a contract; 2) breach of that contract; and 3) damages flowing from the breach of contract." *Delamar v. Mogan*, No. 4:13-CV-00047-JHM, 2015 WL 225404, at *5 (W.D. Ky. Jan. 15, 2015) (citing *Metro Louisville/Jefferson Cty. Gov't v. Abma,* 326 S.W.3d 1, 8 (Ky. Ct. App. 2009)). "Under Kentucky law, '[a]n implied contract is one neither oral nor written—but rather, implied in fact, based on the parties' actions.'" *Id.* at *5 n.3 (quoting *Furtula v. Univ. of Ky.,* 438 S.W.3d 303, 308 n.6 (Ky. 2014)). An implied contract requires the agreement of the promisor to be bound.

> [A] contract may be inferred wholly or partly from such conduct as justifies the promisee in understanding that the promisor intended to make a promise. To

4

> constitute such a contract there must, of course, be a mutual assent by the parties—a meeting of minds—and also an intentional manifestation of such assent. Such manifestation may consist wholly or partly of acts, other than written or spoken words.

*Furtula*, 438 S.W.3d at 308 (quoting *Kellum v. Browning's Adm'r*, 21 S.W.2d 459, 463 (Ky. 1929)). "The conduct of a party is not effective as a manifestation of his assent unless he intends to engage in the conduct and knows or has reason to know that the other party may infer from his conduct that he assents." *Id.* at 309 (quoting Restatement (Second) of Contracts § 19(2) (Am. Law Inst. 1981)). "[A] manifestation of willingness to enter into a bargain is not an offer if the person to whom it is addressed knows or has reason to know that the person making it does not intend to conclude a bargain until he has made a further manifestation of assent." *Id.* (quoting Restatement (Second) of Contracts § 26). "In other words, when the recipient of a statement is informed that the maker of the statement does not intend to enter into a contract . . . the formation of a contract will not be implied." *Id.*

Barrett concedes that its employees who do actually receive its handbook acknowledge as much possess contractual rights because there is no disclaimer regarding at-will employment in the handbook. [DN 38 at 1-2]. However, Barrett contends that Gardner had no contractual rights since he, as he admits, never saw or acknowledged receipt of the handbook. *Id.* at 2-3. Gardner relies primarily on *Parts Depot, Inc. v. Beswinger*, 170 S.W.3d 354, 362-63 (Ky. 2005) for the proposition that Barrett did not need to provide its handbook directly to Gardner in order for an employment contract to have been formed. [DN 40 at 2-3]. Gardner also argues that Barrett cannot benefit from some provisions in its handbook and at the same time deny that its handbook applied to Gardner. *Id.* at 3-4.

The Court finds Gardner's reliance on *Parts Depot* unconvincing. It is true that the Supreme Court of Kentucky quoted the Supreme Court of Appeals of West Virginia for the following statement:

> We conclude that a promise of job security contained in an employee handbook distributed by an employer to its employees constitutes an offer for a unilateral contract; and an employee's continuing to work, while under no obligation to do so, constitutes an acceptance and sufficient consideration to make the employer's promise binding and enforceable.

*Parts Depot*, 170 S.W.3d at 362-63 (quoting *Cook v. Heck's Inc.*, 342 S.E.2d 453, 459 (1986)). However, it belies common sense to conclude that Gardner was party to an employment contract which he admits he never saw or received, even if Barrett's failure to provide the handbook was an oversight. Put simply, there can be no meeting of the minds as to the terms of a contract about which one party is unaware. Moreover, Gardner has not demonstrated an intent on the part of Barrett to be bound by the full terms of its employee handbook as to him. Accordingly, the Court concludes that there was no contract of employment. Gardner's motion to exclude reference to at-will employment will be denied.

### III. Conclusion

For the reasons stated above, Plaintiff David Gardner's Motion in Limine to Exclude Reference to At-Will Employment, [DN 26], is **DENIED**. **IT IS SO ORDERED**.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

July 30, 2021

cc: counsel