UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:20-CV-00015-TBR

**DAVID GARDNER**

**v.**

**BARRETT MAINTENANCE, INC.**

**JURY INSTRUCTIONS**

## INSTRUCTION NO. 1

### Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain the elements, or parts, of the claims in question. And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return. Please listen very carefully to everything I say.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Plaintiff has proved his case by a preponderance of the evidence. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 2

### Evidence Defined

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and any facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 3

### Consideration of Evidence

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## INSTRUCTION NO. 4

### Direct and Circumstantial Evidence

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 5

### Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 6

### Number of Witnesses

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## INSTRUCTION NO. 7

### Juror Notes

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## INSTRUCTION NO. 8

### Objections

There is one more general subject that I want to talk to you about before I begin explaining the elements of the case.

The parties for both sides may have objected to some of the things that were said or done during the trial. Do not hold that against either side. The parties have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 9

### Claims and Defenses

The Plaintiff, David Gardner, previously worked as a Laborer for the Defendant, Barrett Maintenance, Inc. Plaintiff claims that Defendant failed to pay him for all hours worked and for overtime hours. Specifically, Plaintiff claims that his workday began when he reported to Defendant's facility in Benton, Kentucky to drive to a jobsite and continued until he arrived back at the facility in the evening, but Defendant failed to pay him for the time spent travelling from the facility to the jobsite in the morning and from the jobsite back to the facility in the evening.

Under the law known as the Fair Labor Standards Act, employees are entitled to compensation for all time spent working from the moment they begin their workday until the moment their workday ends. Employees are entitled to pay at their regular hourly rate for all work time up to forty hours in a work week. Employees are entitled to pay at one-and-one half times their regular hourly rate for any work time in excess of forty hours in a work week.

Plaintiff also claims that he complained to Defendant and to a government agency alleging Defendant's failure to pay for travel time was illegal. Plaintiff claims Defendant terminated him because of his complaints about what he regarded as legal violations.

Defendant denies Plaintiff's claims and states Plaintiff was properly paid for all work time. Defendant contends its employees' workday did not start until the employees had arrived at the jobsite and commenced principal activities typical of a laborer. Defendant denies firing Plaintiff for complaints about its pay practices and argues that it fired Plaintiff for cause related to falsifying timekeeping records and insubordination.

## INSTRUCTION NO. 10

### Preponderance of the Evidence Defined

The term "preponderance of the evidence" is used many times in these instructions and deserves some explanation. To establish something by a "preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true. It does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been established by a preponderance of the evidence in the case, you may—unless otherwise instructed—consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received into evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases, such as this one. Therefore, you should disregard it.

## INSTRUCTION NO. 11

### Off-The-Clock Work

In order to show he performed work without compensation, the Plaintiff must prove by a preponderance of the evidence that he in fact performed work for which he was not compensated. If he offers such proof, Plaintiff must then produce evidence showing "the amount and extent of that work as a matter of just and reasonable inference."

It is an employer's obligation to maintain accurate records of the hours an employee has worked. If the employer's records are inadequate or inaccurate and the employee cannot offer convincing substitutes for proper hours-of-work records, then the Plaintiff has met his burden if you find that he (1) performed work for which he was not properly compensated and (2) produced evidence from which you can infer the amount and extent of the improperly compensated work, even though he can only offer approximate hours of work.

If you find by a preponderance of the evidence that Defendant did not maintain adequate or accurate records and Plaintiff has proved that he performed work for which he was not properly compensated, you should credit Plaintiff's evidence as to the amount and extent of his improperly compensated work unless Defendant offers evidence proving by a preponderance of the evidence the precise amount of work Plaintiff performed or otherwise negating the reasonableness of the Plaintiff's evidence of his improperly compensated work.

## INSTRUCTION NO. 12

### Continuous Workday

The Fair Labor Standards Act generally excludes from its coverage normal home-to-work and work-to-home commutes and other activities that occur before an employee begins the principal activity or activities that commence the workday and after the employee completes the last principal activity of the workday. Accordingly, employees are not entitled to compensation for activities that are "preliminary to or postliminary to" their "principal activity or activities."

Once an employee has commenced the workday by performing a principal activity of his or her job, however, the "continuous workday" rule applies. This means that, once the employee has started his or her day by performing a principal activity, the employee is entitled to compensation continuously until the employee has completed the last principal activity for the workday.

## INSTRUCTION NO. 13

### "Work"—Travel Time

Any activity that is "integral and indispensable" to a "principal activity" is work for which an employee must be compensated. This includes time spent travelling to job sites after the employee's workday has begun. Where an employer requires an employee to divert from a normal home-to-work or work-to-home driving path, the travel time necessary to fulfill the employer's requirement becomes part of the employee's compensable work hours.

If an employee has to report to a meeting place to receive instructions, to perform work, or to retrieve tools or equipment, the employee's workday is deemed to have begun when he arrives at the meeting place and reports for the designated activity. The time spent performing the designated activity at the meeting place as well as subsequent travel from the meeting place to the actual work site will be considered hours worked for which the employee must be compensated. Similarly, an employee who is required to report to the meeting place will be considered to have begun his work day when he reports to the meeting place even though he does not actually perform work or retrieve tools while there if he has to wait for other employees to do so.

The employee is entitled to compensation until he completes his work for the day. If the employee is allowed to go directly home from the work site, then his workday will be deemed to have ended when he leaves the work site. If the employee is required to return to the meeting place before going home, however, the employee is entitled to compensation until he has arrived at the meeting place and is released to return home.

## INSTRUCTION NO. 14

### Exclusion of "Normal Travel"

Normal home-to-work travel that occurs before an employee has begun his principal activity for the day and normal work-to-home travel that occurs after an employee has completed his last principal activity for the day are excluded from work time and are not compensable. An employee is entitled to compensation, however, if the travel to or from the job site exceeds a "normal" commute. In determining whether a job site is located more than a "normal" commute, you should consider all the circumstances, including the distance involved and whether the travel was for the Defendant's benefit.

## INSTRUCTION NO. 15

### "Work"—Wait Time

Employees are not entitled to compensation for activities that are "preliminary to or postliminary to" their "principal activity or activities." Employees are entitled to be paid from the time they arrive at their designated work site at the time appointed for their work and are ready, able, and willing to work.

If an employee is required to report to the actual place of performing his principal activity at a certain, specific time, his "workday" begins at the time he reports there for work. This is true even though the employee is not able to commence performing his productive activities until a later time through a cause beyond the employee's control.

## INSTRUCTION NO. 16

### Retaliation

In this case, Plaintiff claims that Defendant retaliated against him because he took steps to enforce his lawful rights under the Fair Labor Standards Act. The Fair Labor Standards Act prohibits employers from retaliating against employees who have asserted rights or made complaints under the law. To establish a claim of unlawful retaliation, Plaintiff must prove, by a preponderance of the evidence, each of the following elements:

(1) Plaintiff engaged in protected activity by opposing Defendant's pay practices and/or reporting those practices to the Kentucky Labor Cabinet;

(2) Defendant had knowledge of Plaintiff's opposition to its pay practices;

(3) Plaintiff was terminated from his job with Defendant; and

(4) Defendant terminated Plaintiff because of Plaintiff's opposition to and/or reporting of its pay practices.

Concerning the first element, Plaintiff need not prove the merits of his travel-time pay claims to succeed in proving his claim of retaliation, but only that he was acting under a reasonable, good faith belief that he was not paid properly by Defendant when he opposed the practice. The opposition may consist either of reports directly to Defendant, which may be either formal or informal so long as the report was sufficiently clear and detailed for a reasonable employer to understand it as relating to the Fair Labor Standards Act, or to a government agency tasked with investigating the wage complaints.

Concerning the second element, an employer is deemed to have knowledge of protected activity if an employee reported an unlawful pay practice (1) to a supervisor or other person reasonably believed by the complaining employee to have been authorized to receive and respond

Page **17** of **26**

to or to forward such complaints to management, or (2) to a government agency charged with investigating claims of unlawful pay practices and the agency notified the employer, or the employer otherwise knew, that the employee had made the report.

Concerning the fourth element, that of causal connection, an employer is entitled to operate its business using its own business judgment. Neither the Court nor a jury sits as a "super personnel department" to review an employer's business decisions. As a result, you may not return a verdict for Plaintiff just because you might disagree with Defendant's decision or believe it to be harsh or unreasonable. While an employer may make business judgments in running its business, it may not terminate an employee, even a probationary employee, because the employee opposed or made reports of unlawful pay practices.

Ultimately, in a retaliation claim, you must decide whether Plaintiff's opposition to and/or reporting of Defendant's pay practices had a determinative effect on Defendant's decision to terminate his employment. "Determinative effect" means that, if not for David Gardner's opposition to and/or reporting of its pay practices, then his termination would not have occurred. Put another way, you must decide, if Defendant would have terminated Plaintiff had he not opposed Defendant's pay practices and/or reported Defendant's pay practices to the Kentucky Labor Cabinet.

## INSTRUCTION NO. 17

### Damages

If you find the Plaintiff has satisfied his burden of proving the essential elements of either of his claims by a preponderance of the evidence, then you should determine what amount of money would compensate him. You should find as damages to be awarded in favor of the Plaintiff the amount of money that will compensate him for the difference between what he was paid by Defendant and what the Fair Labor Standards Act required Defendant to pay him.

## INSTRUCTION NO. 18

### Willful Violation

If you determine that Defendant violated the Fair Labor Standards Act by failing to properly compensate Plaintiff, you must determine whether the violation was "willful." A willful violation occurs when a defendant knows its conduct violated the Fair Labor Standards Act or acted with reckless disregard concerning whether its conduct violated the Fair Labor Standards Act.

If you determine that Defendant violated the Fair Labor Standards Act, then Defendant bears the burden of proving that it did not commit a willful violation. To meet this burden, Defendant must prove by a preponderance of the evidence that its failure to obey the statute was *both* in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon it more than a compensatory verdict. Defendant can meet this burden by evidence that it relied on advice of the expertise or opinion of an individual or entity with knowledge of the Fair Labor Standards Act regulations, such as the company's attorney or a Department of Labor opinion letter.

## INSTRUCTION NO. 19

### Deliberations and Verdict

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split or whatever your vote happens to be. That should stay secret until you are finished.

## INSTRUCTION NO. 20

### Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that—your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So, you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Plaintiff has proved his case by a preponderance of the evidence.

## INSTRUCTION NO. 21

### Unanimous Verdict

Your verdict must be unanimous. All members of the jury must agree on the verdict.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:20-cv-00015-TBR

DAVID GARDNER                                                          PLAINTIFF

v.

BARRETT MAINTENANCE, INC.                                             DEFENDANT

<u>JURY VERDICT FORM NO. 1</u>

**Off-the-Clock Work**

A.  We, the jury, unanimously find by a preponderance of the evidence that Plaintiff David
    Gardner began and ended his workdays at Defendant's facility.

    Yes _____                              No _____

    If you answered Yes to Question A, proceed to Question B below.

    If you answered No to Question A, have the foreperson sign this form then skip the
    remainder of Jury Verdict Form No. 1 and proceed to Jury Verdict Form No. 2.

B.  We, the jury, unanimously find by a preponderance of the evidence that Defendant
    Barrett Maintenance, Inc. failed to pay Plaintiff David Gardner for his work time spent
    travelling from Defendant's facility to his work sites in the morning and from the work
    sites back to Defendant's facility in the evening.

    Yes _____                                No _____

    If you answered Yes to Question B, proceed to Question C below.

If you answered No to Question B, have the foreperson sign this form then skip the remainder of Jury Verdict Form No. 1 and proceed to Jury Verdict Form No. 2.

C. We, the jury, unanimously find by a preponderance of the evidence that Defendant Barrett Maintenance, Inc. willfully violated the Fair Labor Standards Act.

Yes _____                          No _____

If you answered Yes to Question C, proceed to Question D below.

If you answered No to Question C, have the foreperson sign this form then skip the remainder of Jury Verdict Form No. 1 and proceed to Jury Verdict Form No. 2.

D. We, the jury, award Plaintiff David Gardner compensatory damages for lost wages as described in Instruction No. 17 in the amount of $ _____.

If you reached Question D, after you provide your answer, have the foreperson sign this form then proceed to Jury Verdict Form No. 2.


_____                    _____
Foreperson                                         Date

JURY VERDICT FORM NO. 2

Retaliation

A.  We, the jury, unanimously find by a preponderance of the evidence that Defendant Barrett

Maintenance, Inc. retaliated against Plaintiff David Gardner pursuant to Instruction No.

16:

Yes _____                          No _____

If you answered Yes to Question A, proceed to Question B below.

If you answered No to Question A, have the foreperson sign this form then skip the

remainder of Jury Verdict Form No. 2 and return to the courtroom.

B.  We, the jury, award Plaintiff David Gardner compensatory damages for lost wages as

described in Instruction No. 17 in the amount of $ _____.

If you reached Question B, after you provide your answer, have the foreperson sign this

form then return to the courtroom.

_____          _____

Foreperson                                        Date


**Your verdict form is complete, and you should return to the courtroom. Thank you
for your service.**